IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Civil No. |
| $6,270.00 in U.S. CURRENCY, | : | |
| Defendant. | : | |

: : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, the UNITED STATES OF AMERICA, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is a civil forfeiture action against United States currency which was furnished or intended to be furnished in exchange for a controlled substance or listed chemical, or constituted proceeds traceable to an exchange of controlled substances or moneys used to facilitate a violation of 21 U.S.C. § 841, and therefore should be forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

## THE DEFENDANTS *IN REM*

2. The defendant property consists of $6,270.00 in United States currency (hereinafter, the "Defendant Property").

3. The Defendant Property was seized on April 24, 2013, from Willie Green, Jr., and Shawntae Green, pursuant to a search of their residence at 12 Walden Laurel Court, Baltimore, in the State and District of Maryland.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881.

5. This court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8.  The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Dennis W. Maye, Special Agent of the Drug Enforcement Administration, which is incorporated herein by reference.

**WHEREFORE,** THE Plaintiff prays as follows:

1. That any person or persons having any interest therein be cited to appear herein and answer the Complaint;

2. That a Warrant of Arrest *in rem* issue to the United States Marshal commanding the arrest of the Defendant Property;

3. That Judgment of Forfeiture be decreed against the Defendant Property;

4. That upon Final Decree of Forfeiture, the United States Marshal dispose of the Defendant Property according to law;

5. That the Plaintiff have such other and further relief as the case may require.

Dated: October 15, 2013

Respectfully submitted,

Rod J. Rosenstein
UNITED STATES ATTORNEY
District of Maryland

Stefan D. Cassella
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
Tel: (410) 209-4800

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $6,270.00 in United States currency. I, Dennis W. Maye, Special Agent of the Drug Enforcement Administration, submit that there are sufficient facts to support a reasonable belief that the $6,270.00 in United States currency constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841 and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

a. On April 24, 2013, members of the Baltimore County Police Department ("BCPD") conducted surveillance at the Leisure Inn located in Baltimore County, Maryland.

b. On that date, an Acura occupied by two subjects parked in the middle of the parking lot.

c. Later, a Chrysler minivan bearing Maryland tag number 59257M8 pulled into the parking lot and parked next to the Acura.

d. Willie Green, Jr. ("W. Green") was the driver and sole occupant of the Chrysler minivan.

e. Both vehicles moved to another area of the parking lot and parked.

f. The driver of the Acura got out of the car and entered the passenger seat of the Chrysler minivan driven by W. Green.

g. After approximately 30 seconds, the driver of the Acura exited the minivan, returned to the driver's seat of the Acura, and drove away.

h. Members of the BCPD approached the parked Chrysler minivan.

i. The distinct odor of marijuana emanated from inside the minivan.

j. Officers identified W. Green as the driver and sole occupant of the minivan.

k. The Chrysler minivan contained the following:

   1. a bag of marijuana located in the center console;

   2. a shopping bag containing four bags of marijuana located under the rear passenger seat;

   3. documents in the name of W. Green;

   4. numerous empty heat-sealed bags.

l. W. Green was arrested for felony possession of marijuana.

m. As part of this investigation, members of the BCPD responded to W. Green's residence located at 12 Walden Laurel Court, Baltimore County, Maryland ("the Residence").

n. The officers knocked, and Shawntae Green ("S. Green") answered the door and invited the officers inside.

o. S. Green confirmed that she is the owner of the Chrysler minivan that was used in the drug transaction.

p. S. Green acknowledged that she lived at the Residence with W. Green and her children.

q. S. Green consented to a search of the Residence.

r. A small dresser used by W. Green and located in their bedroom contained the following:

   1. four storage bags containing marijuana;

   2. drug packaging materials;

   3. a digital scale;

   4. a grinder;

   5. a photo of W. Green;

   6. documents in the name of W. Green.

s. A large dresser used by S. Green and located in their bedroom contained the following:

   1. $6,270.00 in United States currency;

   2. documents in the name of S. Green.

t. A criminal history check on W. Green revealed numerous charges for drug violations, including: possession of marijuana, possession of a controlled dangerous substance not marijuana, possession of drug paraphernalia, and possession with intent to distribute.

u. No prior criminal record could be found for S. Green.

v. W. Green has no record of reported legitimate income in the state of Maryland since the first quarter of 2009.

w. S. Green has no record of reported legitimate income in the state of Maryland.

x. The $6,270.00 in United States currency was seized as drug proceeds.

I DECLARE UNDER THE PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. § 1746 THAT THE FACTS SUBMITTED BY THE BALTIMORE COUNTY POLICE DEPARTMENT, IN REFERENCE TO THE SEIZURE OF $6,270.00 IN UNITED STATES CURRENCY FROM WILLIE GREEN, JR. ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Dennis W. Maye
Special Agent
Drug Enforcement Administration

## **VERIFICATION**

I, Stefan D. Cassella, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Drug Enforcement Administration and that everything contained therein is true and correct to the best of my knowledge and belief.

Dated: October 15, 2013

_____
Stefan D. Cassella
Assistant U.S. Attorney

**MEMORANDUM**

| | |
|---|---|
| DATE: | October 16, 2013 |
| TO: | Kristine Cupp<br>U.S. Marshal Service |
| FROM: | Theresa Tepe<br>Paralegal Specialist<br>U.S. Attorney's Office - District of Maryland |
| RE: | **U.S. v. $6,270.00 U.S. CURRENCY**<br><br>**Civil Action No.**<br><br>**CATS ID 13-DEA-583748**<br>**Agency Case No. - GD-13-0214** |

The United States has filed a forfeiture action against **$6,270.00 U.S. CURRENCY**. A copy of the Complaint for Forfeiture is attached.

Notice of this seizure will be published at www.forfeiture.gov pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

Thank you.

Attachment

| U.S. Department of Justice<br>United States Marshals Service | | PROCESS RECEIPT AND RETURN | |
|---|---|---|---|
| PLAINTIFF<br>UNITED STATES OF AMERICA | | COURT CASE NUMBER | |
| DEFENDANT<br>$6,270.00 U.S. Currency | | TYPE OF PROCESS<br>Verified Complaint in Rem | |

| SERVE AT | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN<br>GD-13-0214 / 13-DEA-583748 |
|---|---|
| | ADDRESS (Street or RFD, Apartment No., City, State, and ZIP Code) |

SEND NOTICE OF SERVICE TO REQUESTER AT NAME AND ADDRESS BELOW:

Theresa G. Tepe, FSA Paralegal Specialist
U.S. Attorney's Office
36 S. Charles Street, 4th floor
Baltimore, Maryland 21201

Number of process to be served with this Form - 285
Number of parties to be served in this case
Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Address, All Telephone Numbers, and Estimated Times Available For Service)

Arrest property. Fill in the date of arrest in this process receipt and return our copy.

Signature of Attorney or other Originator requesting service on behalf of:

TELEPHONE NUMBER: 410.209.4800
DATE: 10/16/13

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated.<br>(Sign only first USM 285 if more than one USM 285 is submitted) | Total Process<br>No. | District of Origin<br>No. | District to Serve<br>No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc. at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below).

Name and title of individual served (If not shown above).

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address (complete only if different than shown above)

Date of Service | Time am/pm

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount Owed to US Marshal or | Amount or Refund |
|---|---|---|---|---|---|---|

REMARKS:

PRIOR EDITIONS MAY BE USED        SEND ORIGINAL + 2 COPIES to USMS.

1. CLERK OF COURT  2. USMS Record  3. Notice of Service  4. Billing Statement  5. Acknowledgment of Receipt